## ELY v. NORTON.

### June, 1867.

One to the payment of whose debt money is applied which belongs to a third person, is liable therefor in an action by the latter, if he suspected and had reason to believe that it did belong to such person, and he parted with no value on the faith of the transaction.[*]

Alfred Ely sued Luther T. Norton in the supreme court; his complaint alleging three causes of action;—one for money had and received; another, for money lent and paid; and the third, alleging that one George McLean became possessed of money as plaintiff's agent, which at the request of the defendant he paid out to the defendant's use, and that defendant promised to repay the same, but had not done so, &c.

These three counts were for one and the same claim.

The facts proved on the trial were, that the defendant Norton and George McLean, had been in partnership; that they dissolved, and Norton released the assets to McLean, upon McLean's agreement to pay all the firm debts.

McLean, who was carrying on another business, on his own account, besides that of the late partnership, procured plaintiff to indorse a draft for him, to raise money to be used in that other business; and not being ready to meet the draft at its maturity, he made and indorsed two other drafts, and gave them to the plaintiff, at plaintiff's request, to indemnify him against his liability on the first draft. Plaintiff procured these two drafts to be discounted, and deposited the proceeds to his own

---

[*] Compare Henry v. Wilkes, 37 N. Y. 562.

credit in bank. He then drew two checks against the deposit, and gave them to McLean, with instructions to apply them to take up the first draft, and thus discharge plaintiff from his liability as accommodation indorser of that paper.

In contravention of these instructions, McLean fraudulently retained the money which he received on the checks. Shortly afterward, a debt of the late firm of Norton & McLean fell due, and the creditor proceeded to foreclose a chattel mortgage which he held as collateral, and sold thereon the assets of the late firm.

Meanwhile George McLean had made an assignment, in trust for the benefit of creditors, to his brother Murray Mc-Lean; and the latter purchased the property at the sale, and procured from George McLean, a part of the funds which George had received as the proceeds of plaintiff's checks, and used the same in paying the purchase price. Defendant was present at the sale. There was conflict in the testimony as to whether defendant knew plaintiff's money was used for the purchase; but the referee found that defendant had reason to suspect that the money was plaintiff's, and that he assented to its payment.

*The referee* held, that the money obtained by George Mc-Lean on plaintiff's checks was, in McLean's hands, plaintiff's property, held by McLean under special instructions; and that the appropriation of part of it to pay the debt of Norton & Mc-Lean, was made with the knowledge and assent of defendant. Judgment for plaintiff having been affirmed at general term, defendant appealed.

*W. C. Rowley*, attorney for defendant, appellant;—Insisted that defendant never *received* the money, and that it was not paid at his *request*, and therefore the action did not lie;—citing Dumond *v.* Carpenter, 3 *Johns.* 183; Amidon *v.* Wheeler, 3 *Hill*, 137; Appleton Bank *v.* McGilvray, 4 *Mass.* 518; Catland *v.* Loyd, 6 *Mees. & W.* 25; Sadler *v.* Evans, 4 *Burr.* 1985; Cox *v.* Prentia, 3 *Maule & S.* 344; Edwards *v.* Hodding, 5 *Taunt.* 815; Horsfall *v.* Handley, 8 *Taunt.* 136; Marsh *v.* Kieting, 1 *Bing.* 198; S. C., 1 *Scott* (Eng. Cases), 5; Harrison *v.* Walker, *Peake*, 111; 2 *Kent Com.* 7 ed. 198–9; *Story Agency*, §§ 157–

164; 229; 2 *Loftus*, 51–57; Henry *v*. Marvin, 3 *E. D. Smith*, 71; Mason *v*. Waite, 17 *Mass*. 560; Hall *v*. Marston, *Id*. 575; Ellis *v*. Ohio Life & Trust Co., 4 *Ohio*, 628; *Chitty on Cont*. 526–527, 529, 514–523; O'Coaly *v*. Natchez, 1 *Smedes & M*. 31; Burnap *v*. Partridge, 3 *Vt*. 144.

*John H. Reynolds*, for plaintiff, respondent;—Cited, Dumond *v*. Carpenter, 3 *Johns*. 183; Henry *v*. Marvin, 3 *E. D. Smith*, 71; Amidon *v*. Wheeler, 3 *Hill*, 137; Pierce *v*. Crafts, 12 *Johns*. 90; Mason *v*. Waite, 17 *Mass*. 560; Hall *v*. Marston, *Id*. 575; Caussidiere *v*. Beers (reported in vol. 1, p. 333, of this series).

BY THE COURT.—BOCKES, J.—This is an appeal by the defendant from the judgment of the general term of the supreme court, affirming a judgment entered on the report of a referee.

The referee finds as the facts of the case, that one George McLean became possessed of a sum of money amounting to more than four thousand dollars, belonging to the plaintiff, intrusted to him by the plaintiff for a special purpose. That, in violation of his duty as such depositary, and in fraud of the rights of the plaintiff, McLean, through the instrumentality of his brother, and with the knowledge and assent of the defendant, applied to the use of the latter the sum of one thousand one hundred and seventy dollars, part of said sum of four thousand dollars. That the defendant suspected and had reason to believe that the money so applied to his use was part of the money of the plaintiff which had been intrusted to McLean for the special purpose aforesaid. The referee directed judgment for the plaintiff and against the defendant for the sum so applied to his use with interest.

There is abundant evidence to support the finding of the referee, and it follows, of course, that the case must now stand on the facts found and stated by him. And on those facts the right of recovery by the plaintiff was clear beyond possible question. The defendant received the plaintiff's money to his own use and benefit, with notice of its diversion and misappropriation. According to the facts found, he suspected and had reason to believe that the money was the property of the plaintiff. This was notice to him of the fact, and besides he parted

with no consideration, real or pretended, on the faith of the transaction.

The judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.